In the Matter of WILFRED REAPE (Admitted as WILFRED V. REAPE), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 28, 1967.

*Robert F. Condon* of counsel (*John G. Bonomi,* attorney), for petitioner.

*Wilfred Reape,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar in the First Department on March 14, 1938. In prior disciplinary proceedings instituted by The Association of the Bar of the City of New York, he admitted the conversion of the funds of two clients and the issuance of some 22 checks during a two months' period which were returned for insufficient funds; and by order of this court, entered March 21, 1963, he was suspended from practice for a period of six months (18 A D 2d 132). On December 19, 1963, this court denied respondent's motion for reinstatement, without prejudice to renewal after expiration of one year, for conversion of a settlement check received by him subsequent to the entry of the order of suspension, and for accepting a retainer from a client during the period of suspension. (See 20 A D 2d 539.) The respondent was reinstated by order of this court on January 28, 1965. (See 23 A D 2d 495.)

In the present proceeding instituted by The Association of the Bar of the City of New York, the charge is that in or about June, 1965, the respondent received an insurance company settlement check for $2,000 payable jointly to his client and to himself, as attorney; that, after procuring his client's indorsement on the check and cashing it, he failed to deposit the moneys in a special account as required and failed to remit the proceeds to his client; and that he converted the proceeds to his own use without authority from his client. Further, it was charged that the respondent failed to file a closing statement as required by law.

The Referee appointed by this court to hear the charges against the respondent has found that they were in all respects sustained. The respondent, in his testimony before the Referee, admitted cashing the $2,000 check instead of depositing it in a special account. Respondent testified that, after deducting $900 as his fee, he used for his own purposes $300 of the $1,100 balance due his client; that he placed and kept the remaining $800 in cash in his locked, steel filing cabinet, to which he only had access; that on July 27, 1965, he gave his client a postdated check, dated August 2, 1965, for $1,100, with the expectation that by such date he would collect sufficient sums due him to replace the $300 which he had used, intending then to make a deposit to cover the postdated check; that such check was not honored but later, on August 16, 1965, when the respondent came into possession of funds, he paid to the client the entire amount due her, namely, $1,100.

The report of the Referee is in all respects confirmed. As was stated in the opinion rendered in the prior disciplinary proceeding (18 A D 2d 132, 133): "Misconduct of the kind here

involved in most instances demonstrates unfitness for membership at the Bar and we have held so repeatedly." (See, also, *Matter of Kaufman,* 25 A D 2d 48; *Matter of Turk,* 25 A D 2d 255.) " Deliberate and repeated conversion of clients' funds demonstrates unfitness for one to be a member of the Bar " (*Matter of O'Doherty,* 14 A D 2d 4, 9, citing cases). Here, respondent's conduct clearly demonstrates such a deficiency in character and such an indifference to the standards required of members of the Bar as to warrant disbarment. He should be disbarred.

BOTEIN, P. J., STEVENS, EAGER, STEUER and TILZER, JJ., concur.

Respondent disbarred effective April 28, 1967.